Anthony Marcella and Bessie Marcella v. Commissioner.
Marcella v. Commissioner
Docket No. 52027.
United States Tax Court
T.C. Memo 1955-205; 1955 Tax Ct. Memo LEXIS 133; 14 T.C.M. (CCH) 826; T.C.M. (RIA) 55205; July 22, 1955
*133 Joseph A. Hoskins, Esq., Commerce Trust Building, Kansas City, Mo., and Harlow B. King, Esq., for the petitioners. Melvin A. Bruck, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion The Commissioner determined the following deficiencies in income tax and penalties: Penalties Under Section
De-
294(d)
294
Year
ficiency
293(b)
291(a)
(1)(A)
(d)(2)
1948
$1,443.58
$783.95
$360.89
$217.60
$130.56
1949
183.28
109.96
$1,443.58
$783.95
$360.89
$400.88
$240.52
The fraud issue has been conceded by the Commissioner. Other issues have been disposed of by stipulation and the only question left for decision is the propriety of a claimed deduction for a robbery loss for 1948 in the amount of $4,730. The issues for 1949 have been disposed of by stipulation. Findings of Fact Petitioners, husband and wife, filed their joint income tax return for 1948 with the collector of internal revenue for the sixth district of Missouri. In 1948 Anthony Marcella, (hereafter called petitioner) was in the wholesale and retail liquor business in Kansas City, Missouri. He operated three establishments. *134 One was at 12 East 6 Street in a run down business district. On the evening of March 19, 1948, petitioner brought to the 12 East 6 Street store a gum taped paper sack containing $4,500 in cash. He handed the sack to an employee, Joe Falco, and instructed him to place it beneath the counter where it would be available for use the following day to pay for liquor which was expected to be delivered from a wholesale house. This procedure was not unusual in petitioner's business. Falco followed instructions. At about 8:30 the same evening Falco was alone in the store. Two men entered about that time and ordered a half pint of whisky. They produced a gun and ordered Falco to give them the money. Falco turned over $230 cash from the cash register and on further demand also gave up the sack containing the $4,500. Then the two men fled. They were observed in flight by disinterested witnesses. Shortly thereafter Falco called the police and petitioner. Falco made a full report of the robbery to the responding officers. He verified the cash register with respect to the $230 handed over to the two men. The next day both petitioner and Falco went to police headquarters and looked at pictures *135 in an attempt to identify the robbers, without success. Falco made a subsequent unsuccessful visit to headquarters for the same purpose. Petitioner reported the loss to his insurance agent. The insurance company was in financial difficulty and no insurance recovery was realized. The police investigation of the reported robbery was in charge of a lieutenant in the robbery bureau. After approximately a week's investigation the case was classified as "inactive" under a technical category of "unfounded." At no time during the investigation did the lieutenant in charge conclude that the robbery complaint was false. In July 1949 a practicing tax consultant was employed by petitioners to prepare their Federal income tax return for 1948. The consultant prepared the return which was filed on November 28, 1950. No loss on account of the March 18, 1948 robbery was claimed therein. The delay in filing was due partly to the fact that petitioner's books and records were taken from the consultant by revenue agents and partly to the circumstance that petitioner was incarcerated in a Federal penitentiary at the time. The consultant had no knowledge of the robbery until 1951. Ultimate Finding
*136 Petitioners suffered a robbery loss in 1948 in the amount of $4,730. Opinion TIETJENS, Judge: This case involves a fact question, pure and simple. The Commissioner's contentions are that petitioners have not carried their burden of proving either the fact of the robbery or the amount of the loss. Our ultimate finding disposes of these contentions. In view of testimony on some points we have very carefully considered the whole record with heedful attention to the demeanor of the witnesses and the credibility of their testimony. We have made no attempt to set forth the testimony of the various witnesses in our findings of fact and have confined the findings to the essential facts established by the evidence. As found, the facts fully support the claimed deduction. Because of stipulated adjustments, Decision will be entered under Rule 50.